# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| GLENNA GRAY,<br><br>                Plaintiff,<br><br>v.<br><br>LAROUSSE LAMUR; PHOENIX GRAND, LLC; and LAMUR TRANSPORTATION SERVICES, LLC,<br><br>                Defendants. | CIVIL ACTION NO 3:21-cv-00908-SAL<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

## CASE SYNOPSIS

1. Defendant drove west in the left lane of I-26 in a large "18-Wheeler" truck. He was driving too fast and not paying attention.

2. Had Defendant been paying attention, he would have seen the passenger car in the right lane in which Joseph and Glenna Gray were traveling. But he did not.

3. Instead, Defendant changed lanes directly into the rear of the passenger car, sending the passenger car spinning out of control across the highway. Fortunately, a guardrail stopped the spinning passenger car before it crossed into the oncoming lanes. Exhibit 1 below.



Exhibit 1

4. Nonetheless, both Joseph and Glenna were seriously injured in the wreck, and Joseph later died as a result. Glenna is now facing the remainder of her life without her husband of 45 years. She is also facing over $150,000.00 in medical bills, with more to come.

5. Had Defendant simply been paying attention and driving at a safe speed, none of this would

have happened.

## SPECIFIC AVERMENTS

### For a First Cause of Action
### (Negligence, Gross Negligence, Negligence *per se*)

6. Plaintiff incorporates verbatim and in their entirety the allegations set forth above.

7. That upon information and belief, Defendant Larousse Lamur, (herein referred to as "Defendant Driver") is a citizen and resident of Miami-Dade County, State of Florida and can be served with process at 12300 NE 4th Avenue, Apartment 204, North Miami, Florida 33161.

8. That upon information and belief, Defendant Phoenix Grand, LLC (herein referred to as "Defendant Owner") is a limited liability company organized and existing pursuant to the laws of the State of Ohio, and whose registered agent for service of process is Durdona Tulanova who can be served at 2101 South Hamilton Road Suite 206, Columbus, Ohio 43232.

9. That upon information and belief, Defendant Lamur Transportation Services, LLC (herein referred to as "Defendant Employer") is a limited liability company organized and existing pursuant to the laws of the State of Florida, and whose registered agent for service of process is Larousse Lamur, who can be served at 12300 NE 4th Avenue, North Miami, Florida 33161.

10. That the automobile collision that is the subject of this action occurred in Lexington County, State of South Carolina.

11. That this Court has jurisdiction over the parties and the subject matter of this action.

12. That upon information and belief, at all times relevant, Defendant Lamur Transportation Services, LLC was a motor carrier engaged in the interstate transport of property under USDOT Number: 3099160.

13. That upon information and belief, at all times relevant, Phoenix Grand, LLC was the owner of a 2015 Freightliner truck with VIN# 3AKJGLD3DFSGB3B44 and Ohio License Plate

2

PWK1857 ("The 18-Wheeler").

14. That upon information and belief, at all times relevant, Larousse Lamur was the driver of The 18-Wheeler.

15. That Defendant Larousse Lamur, Defendant Phoenix Grand, LLC and Defendant Lamur Transportation Services, LLC are referred to hereinafter collectively as "Defendants" and each individually by name.

16. That on or about February 13, 2019, at all times relevant, Plaintiff's husband, Joseph Gray, was lawfully driving westbound in the right lane of Interstate 26, in the vicinity of Chapin, South Carolina.

17. That on or about February 13, 2019, at all times relevant, Plaintiff was a passenger in the vehicle driven by Joseph Gray.

18. That the collision and the resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligent, negligent *per se,* grossly negligent, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following respects:

As to Defendant Driver:

    a.    In violating the Federal Motor Carrier Safety Act;

    b.    In failing to keep a proper lookout while operating The 18-Wheeler;

    c.    In failing to maintain control of The 18-Wheeler;

    d.    In failing to stay in his lane of traffic;

    e.    In failing to slow down to a controllable speed to stay in his lane of traffic;

    f.    In failing to keep a safe distance from Plaintiff;

    g.    In failing to properly observe the road and traffic conditions;

h. In failing to obey traffic laws and/or signs;

i. In failing to use his horn, if he had any;

j. In traveling too fast for conditions;

k. In failing to properly maintain the vehicle;

l. In failing to yield the right of way;

m. In failing to apply his brakes or using his steering mechanism to avoid the collision;

n. In negligently and carelessly operating The 18-Wheeler in a high and excessive rate of speed under the circumstances then and there existing;

o. In operating The 18-Wheeler at a high rate of speed and far in excess of the reasonable and prudent speed under the circumstances and conditions then and there existing;

p. In operating The 18-Wheeler without using due care and without regard for safety and rights of Plaintiff;

q. In operating The 18-Wheeler in a negligent, grossly negligent, careless, reckless, willful, wanton and unlawful manner so as to create a dangerous situation;

r. In failing to exercise the degree of care and caution that a reasonable and prudent person would have exercised under the circumstances then and there prevailing;

s. In In failing to exercise the degree of care and caution that a reasonable and prudent professional driver would have exercised under the circumstances then and there prevailing;

t. In negligently and carelessly operating The 18-Wheeler in such a manner to cause the vehicle to strike Plaintiff and cause personal injuries;

u. In any other acts that represent a breach of the statutory or common laws of the State of South Carolina; and

v. In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

As to Defendant Owner and Defendant Employer:

4

a.  In negligently entrusting The 18-Wheeler to someone they knew or should have known would operate The 18-Wheeler without using due care and without regard for the safety and rights of the public using the highway and the Plaintiff in particular;

b.  In negligently entrusting The 18-Wheeler to someone they knew or should have known would operate The 18-Wheeler in a negligent, grossly negligent, careless, reckless, willful, wanton and unlawful manner as to create a dangerous situation and render an accident inevitable, in utter disregard of the laws of the State of South Carolina;

c.  In negligently entrusting The 18-Wheeler to someone they knew or should have known would fail to exercise that degree of care that a reasonable and prudent person would have exercised under the same or similar circumstances;

d.  In failing to appreciate the gravity and seriousness of having an unsafe, unqualified, incompetent driver use their 18-Wheeler;

e.  In failing to ensure that the driver of their 18-Wheeler would comply with all state and federal statutory codes and regulations;

f.  In failing to properly and/or timely inspect, maintain, service and/or repair The 18-Wheeler, and its component parts, to ensure that the same could be utilized and operated safely;

g.  In failing to use due care; and

h.  In any other such manner the Plaintiff may become aware of through discovery and/or trial.

i.  In failing to properly hire, train and/or supervise their employee driver Defendant Driver to ensure that The 18-Wheeler was driven/operated in a safe and proper manner;

j.  In failing to properly hire, train and/or supervise their employee driver Defendant Driver, and others involved with maintenance, regulatory compliance, and/or safety, to ensure that proper pre-trip, post-trip, periodic, quarterly and/or annual inspections were performed, including properly, on The 18-Wheeler, and its component parts;

k.  In failing to properly train and/or supervise their employee driver Defendant Driver as defined in the safe and appropriate operation and use of The 18-Wheeler;

l.  In failing, by and through their employee driver Defendant Driver to have the required driver knowledge necessary in order to safely operate The 18-Wheeler,

        including but not limited to the procedures to obey traffic laws;

m.     In failing, by and through their employee driver Defendant Driver to safely and properly operate The 18-Wheeler, including on the trip and up to the time of the occurrence alleged in this Complaint;

n.     In permitting their employee driver Defendant Driver to drive The 18-Wheeler when he was not fully qualified to do so;

o.     In failing to create, maintain, and/or implement appropriate policies and procedures related to inspection and safety for its drivers, including their employee driver Defendant Driver, and for safety, regulatory compliance, and/or inspection, maintenance, and service of commercial motor vehicles;

p.     In failing to properly and/or timely inspect, maintain, service and/or repair The 18-Wheeler, and its component parts, to ensure that the same could be utilized and operated safely;

q.     In failing to use due care;

r.     In any other acts that represent a breach of the statutory or common laws of the State of South Carolina or the United States; and

s.     In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

19. That at all times material to the collision that made the basis of this action, The 18-Wheeler that was being driven by Defendant Driver was owned, possessed and/or under the control of Defendant Owner and/or Defendant Employer.

20. That at all times material to the collision that made the basis of this action, Defendant Driver was acting by and through Defendant Owner and/or Defendant Employer as an employee/agent of Defendant Owner and/or Defendant Employer, and was at all times material acting within the course and scope of his employment or agency in performing duties for, and on behalf of Defendant Owner and/or Defendant Employer.

21. That Defendant Owner and/or Defendant Employer are vicariously liable, due to the negligence of their employees or agents, as is set forth more fully above, for proximately causing

injuries and/or damages to Plaintiff, under the doctrines of *respondeat superior, agency,* and/or *ostensible/apparent agency.*

22. That as a direct and proximate result of the employer/employee and/or agency relationship between Defendant Driver and Defendant Owner and/or Defendant Employer, as is set forth more fully above, Defendant Driver and Defendant Owner and Defendant Employer are jointly and severally liable to Plaintiff for her injuries and damages, including for punitive damages, directly and proximately resulting from the breaches of duty of said Defendants.

23. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

  a) Plaintiff has been required to expend a significant amount of money for her medical care, treatment and attendant services;

  b) Upon information and belief, the nature of Plaintiff's injuries will require her to expend a significant amount of money for her medical care, treatment and attendant services in the future; and

  d) The pain of her injuries has resulted in their loss of enjoyment of life and change in her personality, all to permanent detriment to her health and physical well-being.

24. That Defendants' acts and omissions, as are set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising a presumption of Defendants' conscious indifference to the consequences of such acts and omissions.

25. That because of Defendants' acts and omissions and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier

of fact, in order to punish and penalize Defendants and to deter Defendants and others from similar behavior.

26. That upon information and belief, Plaintiff is entitled to judgment against Defendants for actual, compensatory and exemplary or punitive damages for her personal injuries set forth herein in an amount that is fair, just and reasonable under the circumstances, plus whatever costs, interest and attorney fees that she may be entitled to be determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants, jointly and severally, for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and post judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

**ANASTOPOULO LAW FIRM, LLC**

<u>s / Vanisa T. Siler</u>
Vanisa T. Siler, Esquire
Federal Bar No.: 13425
Lane D. Jefferies, Esquire
Federal Bar No.: 11988
Eric M. Poulin, Esquire
Poulin Bar No.: 11251
Roy T. Willey, IV, Esquire
Federal Bar No.: 11664
Anastopoulo Law Firm, LLC
32 Ann Street
Charleston, SC 29403
(843) 614-8888

Dated at Charleston, South Carolina this 29th day of March, 2021.