IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Glenna Gray, | ) | C/A No. 3:21-cv-00908-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Larousse Lamur; Lamur Transportation Services, LLC; and Phoenix Grand, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Glenna Gray's ("Plaintiff") Motion to Amend Complaint. [ECF No. 22.] For the reasons set forth below, the court grants Plaintiff's motion.

## BACKGROUND

Plaintiff filed this action on March 30, 2021. [ECF No. 1, Compl.] It stems from an accident between an 18-wheeler truck and a passenger car on Interstate 26. Plaintiff was in the passenger car at the time of the accident and claims she was "seriously injured in the wreck." *Id.* at ¶ 4. Her husband, Joseph Gray, was also in the car and "later died." *Id.* Plaintiff claims Defendants Larousse Lamur, Lamur Transportation Services, LLC, and Phoenix Grand, LLC were negligent and their negligence caused her injuries. *Id.* at ¶¶ 6–26. Defendants answered the complaint on June 2, 2021 and filed an amended answer on June 9, 2021. [ECF Nos. 10, 17.]

On June 22, 2021, Plaintiff filed the motion presently before the court. [ECF No. 22.] Therein, she seeks to amend her pleading to include an additional plaintiff, Michael W. Gray as the personal representative of the Estate of Joseph S. Gray ("Mr. Gray" or "Estate"), and two causes of action, wrongful death and survival. *Id.* Defendants filed a response in opposition to the motion on July

1

6, 2021, and a supplement on September 7, 2021. [ECF Nos. 23, 28.] Accordingly, the matter is ripe for resolution by the court.

**LEGAL STANDARD**

Pursuant to Rule 15(a)(1), FRCP, a plaintiff may amend a complaint "once as a matter of course" within either 21 days after serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), "whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In the latter case, the "court should freely give leave when justice so requires." *Id.*

Although granting or denying a motion to amend pursuant to Rule 15(a)(2) is within the discretion of the court, *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 121 (4th Cir. 2013), the Fourth Circuit has interpreted the rule to require that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) ("[A] district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse to grant the leave without any justifying reason." (citation omitted)).

Leave to amend is futile when the amended complaint would not survive a motion to dismiss, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. When assessing futility, "a district court may look to 'substantive or procedural considerations.'" *Jones v. HSBC Bank*

*USA, N.A.*, 444 F. App'x 640, 643 (4th Cir. 2011) (quoting *Davis v. Piper Aircraft*, 615 F.2d 606, 613 (4th Cir. 1980)).

Further, in deciding whether to grant or deny a motion to amend that seeks to join new parties, the court must also consider the specific joinder provisions of Rule 20, FRCP. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). In deciding whether to join a new plaintiff or a new defendant, "courts [have] wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007).

## DISCUSSION

Plaintiff's proposed amendment falls outside of the time parameters of Rule 15(a)(1), and she was unable to obtain Defendants' consent to the amendment pursuant to Rule 15(a)(2). Thus, before Plaintiff may amend her pleading, she must obtain the court's leave. As noted above, Plaintiff seeks to join a plaintiff, the Estate,[1] and two causes of action for negligence—wrongful death and survival.

Defendants oppose the proposed amendment as futile. [ECF No. 23.] More specifically, they note that Plaintiff seeks to "add survival and wrongful death cause of action generally alleging that the accident occurred on February 13, 2019, caused the subsequent death of Joseph S. Gray over two years after the accident on February 28, 2021." *Id.* at 2. Defendants argue that the proposed amended pleading lacks an "objective good faith basis" and "evidentiary support" to make the claim "plausible on its face." *Id.* at 2–3; *see also id.* at 3 ("[T]he new allegations in the proposed Amended Complaint . . . are wholly unsupported by any facts[.]"). Stated differently, Defendants

---

[1] The parties do not raise Rule 20, FRCP joinder arguments, but it appears the requirements for permissive joinder would be met. Thus, the court focuses its analysis on Rule 15, FRCP.

3

argue Plaintiff's proposed amendment fails to make any plausible connection between the accident and Mr. Gray's death.

In addition to the substantive futility arguments, Defendants' September 7, 2021 supplement raises a procedural issue. [ECF No. 28.] On August 30, 2021, the Estate filed a lawsuit against Defendants in the Lexington County Court of Common Pleas. [ECF No. 28-1.] The state-court complaint is nearly identical to the proposed amended complaint submitted by Plaintiff in this matter. [*Compare* ECF No. 28-1, *with* ECF No. 22-1.] Defendants submit that Plaintiff's filing of the state-court complaint renders the proposed amended complaint here "superfluous, redundant, and result[s] in parallel litigation possibly leading to inconsistent verdicts." [ECF No. 28.]

Having reviewed and thoroughly considered the parties' positions, the court concludes that it must grant Plaintiff the requested leave to amend under Rule 15(a)(2)'s "liberal" standard. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). As to Defendants' substantive futility arguments, the court appreciates that a significant amount of time passed between the date of the accident and Mr. Gray's death. However, the proposed amended complaint specifically alleges that "Joseph and Glenna were seriously injured in the wreck, and Joseph later died as a result." [ECF No. 22-1 at ¶ 4.] The court is simply not in a position to say, at least at this very early juncture, that Plaintiff cannot prove some connection between the accident and the death. That is a question to be answered at a later time. Further, Defendants' substantive arguments are ones of futility, not bad faith. The court has no reason to believe then that Plaintiff's allegations that Mr. Gray was "seriously injured in the wreck" and "later died *as a result*" are not made in good faith. *Id.* (emphasis added).

Defendants' procedural argument similarly fails. The court again appreciates the inefficiencies associated with having two cases proceed on parallel tracks. The inefficiency is not, however, procedurally futile. *See Jones*, 444 F. App'x at 643 (denying amendment where proposed claim "would be barred by claim preclusion arising from the state court's decision in the original foreclosure action"). Again mindful of the "liberal" standard it must apply when considering requests to amend, the court cannot deny Plaintiff leave on the basis of procedural futility.[2]

## CONCLUSION

For the reasons outlined herein, Plaintiff Glenna Gray's Motion to Amend Complaint, ECF No. 22, is **GRANTED**. Plaintiff has until **January 10, 2022** to file the Amended Complaint.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

January 7, 2022
Florence, South Carolina

---

[2] The parties did not brief whether a stay of Mr. Gray's federal case would be appropriate in light of the pending state-court action involving the same facts and same claims. Thus, the court will not reach the issue here.